We will move to the second case. Take your time getting to the tables, but the case number is 22 13 to 70 Hogan versus the Secretary of the U.S. Department of Veterans Affairs. All right, remind me moral morale. Mr. Morrell. Thank you. Thank you. May please the court, Braden morale for the appellant, Mrs. Alfreda Hogan. This is a case, the district court improperly decided on jurisdictional grounds. Both parties agree. And while I'm happy to talk about all the reasons the district court's procedural ruling or jurisdictional ruling was wrong. I'd like to first address the government's request for affirmance on an alternative ground for three reasons. This case should be sent back to the district court for consideration of this Hogan's entitlement to equitable tolling. In the first instance, first, the government's jurisdictional motion for summary judgment did not present the total issue. And this court would have to weigh the evidence and decide the issue for the first time. The government's consistent position for the district court was that equitable tolling was unavailable to miss Hogan, not that she could not prove her entitlement to it. The government told the district court that the prevailing rule in the circuit is that equitable tolling does not apply to the 15 day deadline. And the title seven statutorily forbids the application of equitable tolling here. Given the government's singular focus on jurisdiction, it would have been unnecessary and ultimately futile for Miss Hogan to have presented evidence on alternative grounds like tolling, which depended on the district court denying the government's jurisdictional motion. It is also not surprising that the tolling issue was not presented to the district court, which takes me to my second point. The district court purposefully limited the record to the issues bearing on the government's jurisdictional defense. The district court invited the government's motion for summary judgment. The district court confined it to the issues to the issue. Miss Hogan's timeliness of her complaint, the district court stayed all remaining discovery deadlines. The district court denied four motions to compel that have been filed by Miss Hogan and the district court effectively canceled seven depositions that have been scheduled to be taken by Mrs. This case came to a halt to entertain the government's one issue motion for summary judgment. The reason that matters, Your Honors, is because this court's discretion to reach alternative issues depends on whether the issues are presented in the record. Yeah, but so here's the concern. I mean, I agree with everything that you said, of course, but it looks like there was an attempt to establish equitable tolling. And I guess my concern is that it fell so far short of equitable tolling that we would just be wasting our time and the district court's time if we remanded. Yes, sir. Seven, not several points on that, Your Honor. First, I think you're referring to Miss Hogan's opposition to the government's motion, because obviously the government's motion did not move on an alternative ground. And so it was not entitled to equitable tolling. It presented the single issue as discussed. But Miss Hogan's opposition didn't mention that she might be entitled to equitable tolling. But I think if you look at that portion of Miss Hogan's brief, she's she's again, she's really just addressing the availability of equitable tolling. I mean, that's her primary argument. At the end of the brief, she does mention that she that the deadline was, quote, equitably told. But I think the only reason she raises the court looks at her opposition is to renew her argument that her complaint was timely. And again, that makes sense because of the way the district court limited the record and the motion the district court invited to focus only on the timeliness of her complaint. So I think perhaps she attempted, but I think it's better to characterize it as a preview of what her equitable tolling argument might have been had the district court denied the government's motion for summary judgment. Well, let me ask you this. So in your brief, the supplemental brief that you filed. You say in reference, I think, to her, her opening brief, which you did not file. But you say that plaintiff's brief identifies information received by plaintiff in October 2019 that plaintiff believed was related to her pending complaint. Meaning that there was something that she received that would lead to the idea that the complaint was being processed. What are you referring to? Right. So that's a reference to it. And it's intended to rebut the government's position on appeal that the record establishes that Miss Hogan did nothing after attempting to submit her complaint and then finding out in April of 2020 that was not received. In reality, between those two two points in time, Miss Hogan received a letter from the director of the VA concerning the exact same conduct that formed the basis of her demotion and ultimately her resignation. And is that is that letter what you're when you when you mentioned the letter, is that the letter about reporting her to the. Well, that's what it is. Yeah, exactly. Right. And Miss Hogan's response to that letter plainly indicates that she believed it was related to the fact that she had submitted a formal complaint. She believed it was in retaliation for her having submitted a formal complaint. And she indicates that she believed by responding to the letter that she was formally amending her her formal complaint to add a retaliation claim. And I understand that that issue is not fully sussed out in the record, whether it might be sufficient or not for her to amend a complaint in that way. But I ask if the court is interested in that issue, that that's just another reason to remand for that issue to be litigated in the district court. And I just kind of on the same point, Your Honor, I think the pathway for Miss Hogan to prove her entitlement to equitable tolling in this case is clear, even on this limited record. First, there was no lack of diligence. I think the only evidence or the government points or suggests that it's it's a proven fact that Miss Hogan's complaint was not submitted in July of 2019. The only record evidence is sworn testimony that it was submitted in July of 2019. The district court. So you're so you're saying then that it might be the case that the complaint actually was filed in a timely manner. Is that what you're saying? That's the only evidence in the record is sworn testimony that it was filed in a timely manner or that at the very least. And this might be a fine line to draw. At the very least, it was submitted. We'll acknowledge that the agency did not receive it. I think that's the only thing the agency did prove in the district court is the absence of evidence of receipt. But the district court elevated that absence of evidence over Miss Hogan's sworn testimony to the contrary. And I think that also goes to extraordinary circumstances. If, in fact, which is the only record evidence, her attorney submitted the complaint and some something prevented it from reaching the agency, then Miss Hogan may be able to establish extraordinary circumstances. And we know that the parties were looking into that. I understood the government's argument on this to be less about to be more about diligence. Right. To be that, you know, if you if you had, in fact, filed this complaint, then you just waited for months and months and months and months without inquiring about it or just kind of letting it sit there. Right. Your Honor, I think I think what I'm attempting to demonstrate is that, well, if the complaint was submitted in July 2019, that that immediately undermines the diligence argument. Right. If it was timely. But again, and that goes to your question earlier about, well, what did she do between those two dates? And I think that's where the information in October of 2019 comes in. It's well within the hundred and eighty day period that the agency would have been required to respond to a formal complaint. It's it's actually about 90 days. And then within another hundred and eighty days after that, when she thought she amended her complaint, she did contact the agency. And that's when she found out that the complaint was never received. And so I think, again, I don't think there's a lack of diligence here, or at least there are open factual questions that this court would have to decide in order to find definitively that Miss Hogan can't establish diligence. And unless there are any additional questions on the equitable tolling issue, I'm happy to move on to the jurisdictional issue. So, again, just to kind of wrap up, the government invites to court the way the evidence presented in a record that it was limited to to a motion concerning one issue. And the government asked this court to affirm on an entirely different issue. But there's there's also no question that the district court erred on the jurisdiction question. And although there are numerous reasons, including the reasons raised by the government, I'd like to focus the court on at least Crawford itself and give the court two independent reasons that it could recognize that Crawford was not appropriate for the district court to lie on. First is that Crawford sweeping jurisdictional statement is a paradigmatic example of a drive by jurisdictional ruling. Crawford itself uses the term jurisdictional once it gives no analysis for why the deadline was jurisdictional and issued in that case, it actually never cites a regulatory provision or statute at all regarding the exhaustion provision at issue in Crawford. But even even to the extent Crawford was Crawford sweeping jurisdictional statement that an employee must pursue an exhaustive administrative remedies as a jurist. We even need to follow Crawford in light of the Supreme Court's decision in Fort Bend. Exactly, Your Honor. No, and that was going to be my clearest reasons court should hold that Crawford should not be following is that it's been abrogated by Fort Bend. There's nothing left of Crawford's jurisdictional statement, you know, and so the government points to this regulation that says, well the new I guess it's, I guess, I don't know it's a regulation. The same one that establishes the 15 day rule that says you know this this period is in fact subject to equitable tolling. Do you know when that was introduced into the regulation, it was 1992 so it was it was pre Crawford but it was well after this court's earlier decisions had established and other courts had recognized that these deadlines are subject to equitable tolling. But again, again, I agree with you. I mean, I think the clearest clearest way here is to recognize that Crawford has been abrogated this statute at issue in Fort Bend I'll just point out was 2000 he dash five, which is the private employment statute 2000 he dash 16, which is the statute at issue here incorporates the provisions of 2000 he dash five that the district that the Supreme Court held were not jurisdictional. And so there's no statutory reason to find that this deadline is jurisdictional. And as, as Judge Bradford pointed out the regulation indicates the same. So if there are no additional questions. You've reserved your time for rebuttal. Oh, wait, wait, wait, wait, sorry. Judge Jordan, you have a question. Yes, Mr Morrell. Is there any reason to consider the abrogation of Crawford. Given that the 15 day deadline is set by regulation. And that regulation itself. I think he said discusses equitable. Your Honor, I'm not going to fight for reversal on a different ground that the court does I want to reach so if the regulation is sufficient for the court. I'm all for it. I think Crawford sweeping statement is difficult. I mean as the district court tangled with in other district courts in this circuit tangled with, it's difficult to avoid and almost all circumstances. So unless the court is going to say the Crawford is distinguishable. I think it should should be recognized as having been abrogated, but again, I'm not, I'm not going to argue that that I have to have that in order for the district court to reverse the district, or another for this court to reverse the district court. Judge Jordan any follow up. No, thank you. Okay, good. Thank you so much, Mr Morrell. Mr Baldy. Did I pronounce that correctly, you did your honor. May it please the court maximum for the Secretary of Veterans Affairs. The only issue left in this case is equitable tolling, and because the issue was litigated below. We have a developed record, the answer is easy, it would be a waste of time to remand, and it's a matter of judicial efficiency. This court's resources the discourse resources the party's resources, it's time for this case to come to an end. To show equitable tolling the plaintiff would need to show two things exhaustion and a external obstacle prevented her or sorry not exhaustion. She would need to show diligence and an external obstacle that prevented her from timely filing and she can't show either of those things. In terms of diligence. She says she believes her complaint was filed in July of 2019 at the very latest, it would have been an agency decision would have been doing January, it was three months later in April, that her attorney filed up with the VA there's case on the circuit that, you know, a failure to follow up see if something has been timely filed within a few days of a statute of limitations is does not meet the diligence requirement. We're talking about months in terms of an external obstacle, the explanation that we have of why the timeline wasn't filing is essentially attorney negligence, but it's black letter law on the circuit that attorney negligence alone, cannot form an external obstacle that gets you equitable tolling. And so I think because you have this sort of, you know, easy question on equitable tolling the most efficient way to handle it is to affirm on those alternate grounds. Can I ask you a question about the jurisdictional issue so to follow up on George Jordan's question. Does the government care how we resolve this jurisdictional issue, because it seems like there's a broader ruling that we could adopt and say that Crawford has been abrogated by Fort Bend, or we could just say look, if you look at this regulation the regulation itself says that the time limit is subject to equitable tolling. What's your thoughts on that, I agree that the regulation resolves the question, and I actually think the Crawford question is trickier because you have this court decisions in Greer and Ramirez that say the timeliness of exhaustion in federal sector title seven cases isn't jurisdictional and Crawford is the case that involves sort of a total failure to exhaust. So there's, there's some differences there but didn't it wasn't a total failure to exhaust because I thought the. And this goes into the facts of Crawford which I mean we don't need to dive into that much but I thought that it would had something to do with the discovery portion of the proceedings, as I read the decision Your Honor the this court treated and the district court in that case in this court treated sort of the plaintiff's failure to engage in the process in good faith, provide any evidence support one for claims as, as just not exhausting her remedies but it wasn't a question of timeliness you could say it was total versus. I guess that's just that's an inter I know that we said that in Crawford but I mean, it just the facts of it, it just seems odd when you, the plaintiff did in fact pursue the administrative process, and the failure to exhaust was that they sort of dropped it at some point. I mean, thoughts on whether we should have said that was a complete failure to exhaust, you know, I think the government acknowledges that there is language and Crawford that is a little bit that could have been more precise, but as you recognize the regulation that provides for equitable calling creates sort of the easiest off ramp, and we're happy with the court. Yeah, I guess I guess part of my concern is that as long as Crawford exists without a red flag on it. Are we going to just get more cases like this with the government incorrectly moves to dismiss something based on jurisdictional grounds and I just report incorrectly grants that motion to dismiss and then we're back here saying, man, I wish we would have fixed Crawford because everyone's confused about this, I hope not your honor but I think you could you could write a memo to the other government lawyers and tell them to stop relying on that case. Yes, but there's there's a, I think this court can point out that you have these precedents you have Greer and the upper mirrors which say that these time limits aren't jurisdictional, to the extent that there's a conflict with Crawford Greer is an earlier decision that would control. And, you know, you can always get a yellow flag on it, you know, just saying you're limited. If you put if you put out in this case, the whole thing of Crawford, at most, would be if there's no effort at all to exhaust or no, you know, if exhaustion doesn't happen. Okay, very well. Judge Jordan. Yes, I mean, with regards to. That case could not have been a total failure to exhaust. Because the employee actually got injunctive release from the agency. In the administrative process. The only thing that he was prohibited from getting due to her failure to provide more compensatory damage. Isn't that the right way to I don't think so your honor because you have to in in the total seven context you have to exhaust your separate claims, and she may have exhausted what she needed to do for equitable relief from the agency but she didn't exhaust her separate claim for compensatory damages. And, and, as I understand the proper court to have read it that was sort of what we, the decision was that she was barred because she did not exhaust on on that issue. I think that's Jordan any follow up. No, thank you very much. Can I just ask one about that girl tolling which I kind of take took you off on the jurisdictional issue and on the equitable tolling opposing counsel says look, this wasn't really litigated below the government move to dismiss on this jurisdictional issue. And that was the question presented was just the timeliness and whether this was jurisdictional or not. What do you say about that. Yeah, so the reason that rule tolling is in this case is that it was raised in the opposition to the motion for summary The arguments there it's developed, if she needed additional evidence, she could have filed a 5060 motion and said I need time to get evidence on equitable tolling the pending motions to compel weren't about exhaustion they were all about sort of personnel records and appear review of her notes but they weren't about the process of her exhausting. And, in fact, the government successfully pushed back the summary judgment briefing schedule so they could do an additional search of its email systems that the plaintiff request. And there's just there's nothing there. I would also say that in terms of, you know, was there more evidence you could have presented another theory that you could have presented equitable tolling is the sort of thing where if the plaintiff doesn't have the evidence it's hard to see how it could be material evidence of diligence is by definition something that she has to have if she can't doesn't know about it and she wasn't diligent and equitable evidence of an external force. If at this point she doesn't know what that evidence is again it's hard to see how it could have stopped her from proceeding. And we have we have in the record as well. The declaration from a former attorney where he says he heard nothing from the VA so it's not just that the government asserts he heard nothing. You have you have his own statement that they, they did not hear anything about this claim and I think that really kills their diligence argument. Okay, very well. Thank you so much. Mr Morrell, you've reserved three minutes. And if you don't mind before the clock starts, would you mind starting where he left off. The issue was briefed, the nature of the proof as such that you would have it they wouldn't. Yes, Your Honor. Absolutely. I think I'll respond to a few of the points, I think that the mention of a rule 5016 motion would have been completely improper here, based on what the district court instructed the parties to do, which was to file a motion regarding timeliness of Miss Hogan's complaint. It, the government's motion would have had to be denied for these issues to be relevant in the district court, the government said there's no jurisdiction. So you couldn't have come back and said, Well, wait a second, I need more facts on any more discovery on whether if there is jurisdiction, then this, and, and I think also on the second point, I heard my friend on the other side say stuff about what evidence Miss Hogan has at this point. It's not that Your Honor, it's not about what evidence Miss Hogan has, it's what evidence she was given an opportunity to present on this record, and we know that was limited. If we look at the district courts actions, we know is very limited district court brought everything to a halt here, and that goes to the government's point about a waste of time, it wouldn't be a waste of time to go back to the district court, everything stopped. If we go back to the district court, we're in the exact spot we were before the district court halted this case, we're taking depositions for the first time by the way Miss Hogan hasn't taken a deposition in this case yet. We're seeking the discovery that was outstanding, and I'll concede that the motions to compel and even maybe the depositions that were pending which we're not 100% sure from the record but that maybe they weren't necessarily focused on these issues, but that's not the point. The point is that the record before this court does not give this court an opportunity to reach out and decide an issue not addressed for the district court. Well, it seems like it seems like the government's point is that it's not so much that this wasn't raised, the ruling wasn't raised, but just your client didn't satisfy it. Right. I mean, you know that there was there was it was injected into the case it was argued as a basis to deny the government's motion. But, you know, you just didn't do anything to actually meet the standard to show that equitable tolling would be justified. Well, I think, again, Your Honor, I'm not sure, even if she had with the government's motion have been denied. That's, that's kind of the point I'm making the government's motion was jurisdictional her entitlement to equitable tolling, regardless of whether she was correct or not made that showing the district court would have been a basis for denying the government's motion to for summary judgment necessarily again if the district court agreed with the government which it ultimately did. Is that fully answer your question. Well, if that's if there are no additional questions. Thank you very well thank you very much and we know that you were appointed to take the case pro bono we certainly appreciate that. All right, that case is submitted. We'll move to the third case of the day. DeMarcus versus the University of South Alabama 2311 670.